IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

NEILTON MARRIK GOLD                                                                   PLAINTIFF

v.                                         Civil No. 5:22-CV-05185-TLB-MEF

LOGAN EDGE, Deputy Officer;
MICHAEL SMITH, Deputy Sergeant;
SHERIFF TIM HELDER;
JAIL ADMINISTRATOR RANDALL DENZER;
OFFICER GREGORY DALTON;
OFFICER PRUITT GARRET                                                                DEFENDANTS

**ORDER**

*Pro se* Plaintiff, Neilton Marrik Gold, a pretrial and federal immigration detainee at the Washington County Detention Center ("WCDC"), filed this civil rights action under 42 U.S.C. § 1983. (ECF No. 1). On September 15, 2022, this Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP") (ECF No. 3) and ordered the U.S. Marshals Service to serve the Complaint on the Defendants (ECF No. 7). Service remains outstanding.

Now before the Court are multiple motions Plaintiff has filed with the Court since initiating this action. On October 12, 2022, Plaintiff filed a motion asking to voluntarily dismiss without prejudice defendants Sheriff Tim Helder, Jail Administrator Randall Denzer, and Detention Officer Dalton Gregory from this action. (ECF No. 9). On October 14, 2022, Plaintiff filed a Motion to Appoint Counsel, (ECF No. 10) and a Motion to Amend the Complaint with a Jury Demand (ECF No. 11). On October 24, 2022, Plaintiff filed a Motion for Default Judgment as to Defendants Logan Edge, Michael Smith, and Garrett Pruitt (ECF No. 12), and a motion requesting a copy of all his filings marked "copy" (ECF No. 13). Considering the current procedural posture of the case, the Court finds that these motions are ripe for review.

1

First, Rule 15 of the Federal Rules of Civil Procedure governs Plaintiff's Motion to Amend the Complaint. Pursuant to Rule 15, a party may amend its pleading once as a matter of course within "(A) 21 days of serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

An amended complaint, moreover, supersedes an original complaint, rendering the original complaint without any legal effect. *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). This means that the Court will only consider the claims in the amended complaint; it will not reference or relate back to the original complaint to supplement, augment, or otherwise provide context to the amended complaint. Further, "[a]lthough pro se pleadings are to be construed liberally, pro se litigants are not excused from compliance with relevant rules of procedural and substantive law." *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983).

In this case, Plaintiff filed a Motion to Amend the Complaint more than 21 days after serving the original complaint and no responsive pleading has yet been filed. Thus, Plaintiff may only amend the complaint with the Court's permission. Although this Court is mindful that "the court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), upon preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A(a), the Court finds that the Amended Complaint is legally and factually deficient. Specifically, contrary to the original complaint, the Amended Complaint fails to identify when and where Plaintiff was allegedly assaulted. This information is necessary to put the defendants on notice of the claims. *See* Fed R. Civ. P. 8(a) (requiring a "short and plain statement of the claim showing the pleader is entitled to

relief"). Accordingly, Plaintiff's Motion to Voluntarily Dismiss Defendants (ECF No. 9) and Plaintiff's Motion to Amend Complaint with Jury Trial Demand (ECF No. 11) are **DENIED as MOOT.** Instead, Plaintiff is directed to submit a First Amended Complaint by **November 18, 2022. The Clerk is directed to mail the Plaintiff a court-approved Section 1983 form.**

In the First Amended Complaint, Plaintiff must write short, plain statements telling the Court: the constitutional right Plaintiff believes was violated; when the incident occurred; exactly what each Defendant did or failed to do; how the action or inaction of each Defendant is connected to the violation of the Plaintiff's constitutional rights; and what specific injury Plaintiff suffered because of the misconduct of each Defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); Fed.R.Civ.P.8. Plaintiff is CAUTIONED that he must affirmatively link the conduct of each named Defendant with the specific injury he suffered. If he fails to do so, the allegations against that Defendant will be dismissed for failure to state a claim.

Plaintiff must clearly designate on the face of the document that it is a First Amended Complaint. The First Amended Complaint must be retyped or rewritten in its entirely on the court-approved form. Plaintiff may not reference any part of the original complaint. As previously cautioned, the First Amended Complaint will supersede, or take the place of, the original Complaint (ECF No. 1), and the Amended Complaint (ECF No. 11). Any cause of action that was raised in the original Complaint is waived if it is not raised in the First Amended Complaint. **This case shall be subject to dismissal if Plaintiff fails to return the First Amended Complaint by the Court's imposed deadline of November 18, 2022.**

Second, Plaintiff's Motion for Default Judgment (ECF No. 12) is not timely. Pursuant to Rule 55 of the Federal Rules of Civil procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. Pr. 55(a). Although this Court ordered that the Defendants be served with the original complaint, the Court has not received any confirmation that service has been executed on the Defendants, meaning that it is not yet known whether the Defendants are even aware that this litigation is pending. Further, the Court granted the Defendants 21 days to file an Answer from the date they are served, not the date of the order directing service. (ECF No. 7). Accordingly, Plaintiff's Motion for Default Judgment (ECF No. 12) is **DENIED as premature**.

Similarly, Plaintiff's Motion for a Subpoena (ECF No. 14) is not timely. Although Plaintiff is proceeding *pro se*, he must nevertheless comply with all applicable procedural rules, including the Federal Rules of Civil Procedure and Rules of this Court. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (noting that pro se litigants are not excused from complying with procedural law). Local Rule 7.2(g), for example, requires parties to confer on discovery matters before filing a discovery-enforcement motion, such as this one, with the Court. Because service remains outstanding, it is highly unlikely that the parties have made any discovery requests of each other, let alone discussed potential discovery disputes. Thus, Plaintiff's Motion for a Subpoena (ECF No. 14) is **DENIED as premature**.

Third, Plaintiff's Motion to Appoint Counsel (EFC No. 10) is **DENIED**. There is no constitutional or statutory right to appointed counsel in civil cases. *Philips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citing *Edgington v. Missouri Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds*, *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005)). Rather, "when an indigent prisoner has pleaded a nonfrivolous cause of action, a court *may* appoint counsel." *Id.* (citing 28 U.S.C. §1915(e)). In determining whether to appoint counsel, courts consider "the factual complexity of the issues, the ability of the indigent person to investigate the

facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id.* At this stage in the proceedings, the Court concludes that appointment of counsel is not warranted: the allegations are not complex, and Plaintiff's claims do not involve any novel or complex legal theories. Thus, Plaintiff's motion is denied.

Finally, Plaintiff's Motion for Copies (ECF No. 13) is **DENIED**. **The Clerk is directed to send Plaintiff a copy of the docket sheet.** Plaintiff is directed to specifically identify the motions he would like to be copied and why he requires the copies. Plaintiff is cautioned that the Court will not be making multiple copies of the same documents for him. Accordingly, Plaintiff is encouraged to maintain his own copies.

In sum, Plaintiff's Motion Dismiss Defendants (ECF No. 9) is **DENIED as MOOT**; the Motion to Appoint Counsel (ECF No. 10) is **DENIED** at this time; the Motion to Amend Complaint (ECF No. 11) is **DENIED as MOOT**; the Motion for Default Judgment (ECF No. 12) is **DENIED as premature**; the Motion for Copies (ECF No. 13) is **DENIED**; and the Motion for a Subpoena (ECF No. 14) is **DENIED as premature.** Plaintiff, moreover, is **directed to file a First Amended Complaint consistent with this Order by November 18, 2022, failing which it will be recommended that this matter be dismissed without prejudice for failure to prosecute.**

IT IS SO ORDERED this 1st day of November 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE