IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

NEILTON MARRICK GOLD                                                            PLAINTIFF

v.                            Civil No. 5:22-CV-05185-TLB-MEF

LOGAN EDGE, Deputy Officer;
MICHAEL SMITH, Deputy Sergeant; and
OFFICER PRUITT GARRET                                    DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to comply with the Court's orders.

**I.    BACKGROUND**

Plaintiff initiated this matter on September 9, 2022, by filing a complaint generally alleging that the Defendants used excessive force against him in violation of his constitutional rights when he was detained at the Washington County Detention Center ("WCDC"). (ECF No. 1). That same day, the Court directed the Clerk to file the Complaint and ordered Plaintiff to notify the Court if his address changes within thirty (30) days of any such change. (ECF No. 3). This Order was not returned as undeliverable.

On September 15, 2022, this Court granted Plaintiff's application to proceed IFP. (ECF No. 5). On September 22, 2022, the Court ordered service of the original complaint on the Defendants. (ECF No. 7). On October 12, 2022, Plaintiff filed a Motion to voluntarily dismiss certain defendants from this action. (ECF No. 9). On October 14, Plaintiff filed a Motion to Appoint Counsel. (ECF No. 10). That same day, he also filed a Motion to Amend the Complaint.

1

(ECF No. 11).  On October 24, 2022, Plaintiff filed two additional motions: a Motion for Default Judgment and a Motion for Copies.  (ECF Nos. 12-13).  On October 26, 2022, Plaintiff filed a Motion for a Subpoena.  (ECF No. 14).  On November 1, 2022, the Court denied Plaintiff's motions and directed him to submit an Amended Complaint by November 18, 2022.  (ECF No. 15).

On November 10, 2022, the Court granted Defendants' motion requesting 21 days from the date that Plaintiff submits his amended complaint to file an answer.  (ECF No. 18).  On November 17, 2022, Plaintiff filed his Amended Complaint.  (ECF No. 19).  Defendants subsequently filed their Answer to the Amended Complaint on November 28, 2022.  (ECF No. 20).  That same day, the Court entered an Initial Scheduling Order directing that any motion for summary judgment to be filed by April 27, 2023.  (ECF No. 21).

On February 8, 2023, Plaintiff filed a motion to supplement the amended complaint.  (ECF No. 23).  That Motion was denied.  (ECF No. 24).  The Court subsequently granted Defendants' motion to extend the deadline for completing discovery.  (ECF No. 26).  On March 23, 2023, Defendants filed a Motion to Compel discovery and memorandum in support.  (ECF Nos. 27-28).  On April 7, 2023, Defendants filed a second motion to extend discovery deadlines and to extend the deadline for submitting a summary judgment motion.  (ECF No. 29).  On April 10, 2023, Plaintiff filed a notice of change of address.  (ECF No. 30).  On April 12, 2023, the Court granted Defendants' Motion to Compel, and it also extended the deadline for filing a motion for summary judgment to July 5, 2023.  (ECF No. 21).

On July 5, 2023, Defendants filed a Motion for Summary Judgment and Memorandum and Statement of Facts in support.  (ECF Nos. 32-34).  On July 6, 2023, Defendants filed a supplement to their statement of facts.  (ECF No. 35).  On July 7, 2023, the Court ordered Plaintiff to file a response to Defendants' Motion for Summary Judgment.  (ECF No. 36).  That Order included the

following specific instructions regarding the procedure for (and legal requirements of) a response to a summary judgment motion:

> At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. *See* Fed. R. Civ. P. 56(e). This means the Response must include legal arguments, as well as affidavits, prison records, or other evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial. The affidavit must be based upon the personal knowledge of the person executing the affidavit and must be either: (1) sworn and subscribed by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. 1746.
>
> Furthermore, Plaintiff must also separately file a Statement of Disputed Facts, which lists: (a) any disagreement with the specifically numbered factual assertions contained in the Statement of Undisputed Facts filed by the Defendant; and (b) any other disputed facts that must be resolved at a hearing or trial.
>
> If Plaintiff disputes any of the facts set forth by the Defendant in the Statement of Undisputed Facts, each numbered paragraph must be identified that contains the fact in dispute and, for each paragraph identified, explain why there is a dispute.
>
> Plaintiff is advised that if he intends to rely up on any records or exhibits that have been previously filed with the Court, Plaintiff must specifically refer to those documents by ECF document and page numbers. The Court will not sift through the file to find support for the factual contentions. *See Crossley v. Georgia-Pacific Corp.,* 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages in the record that supported his position).

(ECF No. 36). Plaintiff's response was due on July 28, 2023. This Order was returned as undeliverable and marked "moved to Delta Regional Unit." The Order was then re-sent to the Delta Regional Unit in Dermott, Arkansas. (ECF No. 38).

When that deadline passed without Plaintiff submitting a response to Defendants' Motion for Summary Judgment, the Court issued an Order to Show Cause why this matter should not be dismissed. (ECF No. 39). Plaintiff's response to the Court's show cause order was due August 25, 2023. *Id.* This Order has not been returned as undeliverable. Publicly accessible Arkansas state records show that Plaintiff remains incarcerated in the Arkansas Division of Correction, Delta Regional Unit, Dermott, AR. *See* Arkansas Department of Corrections, Inmate Search,

https://apps.ark.org/inmate_info/index.php (last accessed August 31, 2023). Plaintiff's deadline for responding to the Court's show cause order has long passed and Plaintiff has failed to respond or communicate with the Court in any way.

## II.   LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), moreover, a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

To order dismissal *with* prejudice under Rule 41(b), however, "is a drastic sanction which should be exercised sparingly." *Brown*, 806 F.2d at 803 (quoting *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir. 1983)). That said, "the district court's exercise of this power is within the permissible range of its discretion if there has been a clear record of delay or contumacious conduct

by the plaintiff." *Id.* (quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985) (internal quotations omitted)).

In considering a Rule 41(b) dismissal *with* prejudice, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct"; and, to a lesser extent, (2) the adverse impact of the conduct on the Defendants; and (3), the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). Upon review of a dismissal with prejudice, the Eighth Circuit considers: "whether in the particular circumstances of the case the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant his day in court." *Id.* (internal quotation omitted). However, "the district court need not have found that [plaintiff] acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily." *Id.*

### III. ANALYSIS

This matter has been pending for almost one year. Although Plaintiff initially prosecuted his case and engaged in motion practice at the outset of this case, he has since failed to respond to two court orders directing him to respond to the Defendants' Motion for Summary Judgment. *See* (ECF Nos. 36 & 39). The record, moreover, shows that Plaintiff's address has changed since Defendants filed their Motion for Summary Judgment. (ECF No. 38). Even though Plaintiff failed to comply with the Court's Order and Local Rules to timely update the court with any change of address (ECF No. 3), the Court nevertheless re-sent the Court's first order directing him to respond to the Defendants' Motion for Summary Judgment to his new address at the Delta Regional Unit, Dermott, AR. (ECF No. 38). The Order was not returned as undeliverable from the Delta Regional Unit. Further, the record shows that Plaintiff is aware of the requirement to timely update the

Court with any change of address because he previously submitted a notice of his change of address. (ECF No. 30). However, despite being on notice of this requirement, and despite the Court's efforts to track him down, Plaintiff has failed to comply with two Court orders directing him to respond to the Defendants' Motion for Summary Judgment. On this record, the Court finds that Plaintiff's failure to respond has been intentional.

The Defendants, for their part, have expended considerable resources and energy in preparing and submitting a Motion for Summary Judgment, along with a Statement of Indisputable Material Facts and exhibits over 100 pages in length. (ECF No. 34). On balance, therefore, this Court finds that circumstances warrant a dismissal with prejudice. Thus, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the undersigned recommends that this matter **BE DISMISSED WITH PREJUDICE.**

## IV.    CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Amended Complaint (ECF No. 19), and this action, be **DISMISSED WITH PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 31st day of August 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE